25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph Calvin HAWK, Plaintiff-Appellant,
v.
Bernard GILL, et al., Defendant-Appellee.
 No. 93-2583.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Joseph Calvin Hawk, a pro se Michigan state prisoner, appeals a grant of summary judgment for the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hawk alleged in this complaint against numerous prison employees that he had been subjected to a beating by twelve prison guards on October 22, 1992, and had subsequently been denied needed medical attention. Defendants moved for summary judgment, supported by affidavits and documentary evidence, arguing that Hawk had negligently been released from his cell without restraints on the day in question and had refused to reenter, requiring that he be restrained and carried back into his cell. He had been examined by a nurse, who found only a slight scratch on one arm and determined that no medical treatment was necessary. The matter was referred to a magistrate judge, who recommended that the defendants' motion be granted. The district court adopted this recommendation over Hawk's objections. This appeal followed.
 
 
 4
 Upon review, we conclude that the defendants were properly granted summary judgment, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In order to demonstrate a violation of the Eighth Amendment, Hawk was required to show that the defendants used force against him maliciously and wantonly, rather than in a good faith attempt to maintain or restore order. See Hudson v. McMillian, 112 S.Ct. 995, 998 (1992). The factors relevant to this determination include the perceived threat calling for a use of force and the amount of force used. Id. at 999. The seriousness of the injury inflicted is also probative of whether the defendants' actions were malicious or wanton. Id. In this case, it is undisputed that Hawk was out of his cell without restraints in violation of prison regulations. Due to the area where Hawk was housed, defendants were justified in perceiving a serious threat to security from this situation. The evidence submitted does not support Hawk's allegation that the amount of force used in response to this threat was excessive. In order to survive the summary judgment motion, Hawk was required to raise a genuine issue of fact, concerning evidence upon which the jury could return a verdict in his favor. Anderson, 477 U.S. at 248. The record in this case did not meet this standard.
 
 
 5
 Hawk's allegation of deliberate indifference to his medical needs was also insufficient to survive the summary judgment motion, as he demonstrated neither a serious injury which required immediate medical attention nor that the defendant nurse acted with a culpable state of mind. See Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation